HENRY O. CRANE, Appellant, v. C. D. FRENCH *et al.*,
Respondents.

### Kansas City Court of Appeals, May 30, 1892.

Special Tax Bill: FRONTING ON STREET. Under the charter of
Kansas City for 1875 (Laws, 1875, p. 250), land taxable for street
improvement must front on the street, whether laid off into lots and
blocks or not; and where land has a five-foot strip between it and the
street it is not liable for street improvement, and a special tax bill
against it for such improvement will be canceled and set aside.

*Appeal from the Jackson Circuit Court.*—HON. JAMES
GIBSON, Judge.

REVERSED AND REMANDED *(with directions).*

*Muckle & Winn,* for appellant.

(1) The judgment of the court below is contrary to
the law and the evidence. The judgment should have
been for the plaintiff as prayed for. *Bank v. Evans,* 51
Mo. 345; *Wells v. Weston,* 22 Mo. 384; *Lockwood v.
St. Louis,* 24 Mo. 20; *Clark v. Ins. Co.,* 52 Mo. 272.
(2) The charter provisions and all proceedings to
compel persons *in invitum* to pay for such improve-
ments, in fixing the cost in making of which they had
no voice, should be strictly construed. Cooley on
Taxation, 209; *Leach v. Cargill,* 60 Mo. 316; *Green v.
Ward,* 82 Va. 324; *Cheeney v. Brookfield,* 60 Mo. 53;
*Mister v. Kansas City,* 18 Mo. 217; *City of Kansas to
use v. Swope,* 79 Mo. 448; *Kiley v. Oppenheimer,* 55 Mo.
374; *City of Kansas v. Ratekin,* 30 Mo. App. 416;
*Galbreath v. Newton,* 30 Mo. App. 380.

*W. A. Alderson*, for respondents.

(1) We first reply that it was the legislative intent to assess all land on account of the grading of a street, back to a distance of one hundred and fifty feet, whether the land fronted on the street or not, and regardless of whether the land had been laid off into lots and blocks. In support of this proposition, we submit that the phraseology of the charter provision in question invites such construction of it. We further invoke the principles of construction, that the spirit of the law prevails over the letter; that whatever is within the intention of the legislature is within the statute; that though words of the statute are clear and unambiguous and there is no room left for construction, yet when it is plain that a particular intention, though not precisely expressed, must have been had by the legislature, such intention will be made to control the strict letter of the law. *State v. King*, 44 Mo. 283; *Selden v. Hall*, 21 Mo. App. 452; *Riddict v. Governor*, 1 Mo. 147. (2) The stipulation that the land in question was not laid off into lots and blocks admits that it was never formally platted; but the plat attached to the agreed statement of facts shows that the land is squared or blocked off, and that it constitutes a block within the meaning of the word as used in the charter provision. *Church v. McAlee*, 8 Bush, 508; *Baird v. Rice*, 63 Pa. St. 489; *Olsen v. Topeka*, 21 Pac. Rep. 219.

GILL, J.—The point in this controversy is this: Can the east half of plaintiff's two acres of land, shown by the accompanying plat, be legally taxed, under the Kansas City charter of 1875, for the grading of Central street?

The plaintiff, by this action, sought to remove a tax bill issued for the grading of Central street, as a

# MOUNT AUBURN.

## 29th OR LUCAS STREET.

BROADWAY

STREET.

STREET.

**Block 8** — lots 48, 47, 46, 45, 44, 43, 42, 41, 40, 39, 38, 37, 36, 35, 34, 33, 32, 31, 30, 29, 28, 27, 26, 25

lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

**Block 5** — lots 48, 47, 46, 45, 44, 43, 42, 41, 40, 39, 38, 37, 36, 35, 34, 33, 32, 31, 30, 29, 28, 27, 26, 25

lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

## 30th STREET OR BARTON AVENUE.

CENTRAL

WYANDOTTE

**Block 7** — lots 46, 45, 44, 43, 42, 41, 40, 39, 38, 37, 36, 35, 34

lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13

**Block 6** — lots 46, 45, 44, 43, 42, 41, 40, 39, 38, 37, 36, 35, 34, 33, 32, 31, 30, 29, 28, 27, 26, 25, 24

lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

125.7

Land covered by
Tax Bill.

2 ACRES OF
H. O. CRANE.

295.16

255.16

## CITY LIMITS.

## SPRINGFIELD

cloud on his title, taking the ground that it was an illegal charge. The cause was submitted on an agreed statement of facts; the court declined to award any relief, holding the tax bill valid, and the plaintiff brings the case here by appeal.

I. A decision of this case rests upon the construction of certain portions of article 8 of the charter of Kansas City, 1875. Laws of 1875, p. 250. Section 1 authorized the common council to grade any street of the city at the costs of the property fronting on the street when petitioned for by the resident owners of a majority in front feet of the property fronting on the street, or the portion thereof about to be graded. Section 2 of the same article provides that the costs of such grading "shall be charged as a special tax on all the property on both sides of such street, avenue or highway or part thereof graded within the following limits, namely: In case any of the land *fronting* on the street, avenue or highway or part thereof graded be laid off into lots and blocks, the property *so laid off*, from the line of the street, avenue or highway, back to the center line of the block or blocks, shall be so charged, whether fronting on the street, avenue or highway or not; nevertheless the common council shall have power by ordinance to prescribe that such property shall not be charged beyond the alleys in such block, if deemed just and equitable; and, in case any land *fronting* on such street, avenue or highway or part thereof graded be not laid off in lots and blocks, then the property so not laid off and the property in the rear thereof on the line of the street, avenue or highway or part thereof graded back one hundred and fifty feet shall be so charged, whether fronting on the street or not, and the property liable for such grading shall be charged according to the value thereof, exclusive of improvements thereon."

VOL. 50—24

It will be seen that here it is provided for assessing the two kinds of land along the line of the street—in one case where it is laid off into lots and blocks, and in the other instance where it is not so laid off; but in both cases it must be such land as is *"fronting on the street."* Now, this plaintiff's land comes under neither designation, for the reason that it does not front on Central street, nor is it laid off into lots and blocks; and this, as a fact, is admitted in the agreed statement. All the frontage on Central street, between Twenty-ninth street and Springfield avenue, where this grading was done, was divided into lots and blocks, and hence the extent of the right to tax is limited to the property *"so laid off,"* back to the center line of the block or blocks. Lot 13 (the ell-shaped (L) portion of block 7), as will be seen from the map, lies along the entire front and between plaintiff's unplatted tract and the street. Said lot is then taxable for the improvement, but the said unplatted land of the plaintiff is not, because it is not *"so laid off"*—not divided into lots and blocks as the statute requires.

It will not do to say, because this small strip of lot 13 which intervenes between plaintiff's acre track and the street is so narrow (only about five feet in width) that it must be ignored, and that this plaintiff's unplatted land must be regarded as fronting on the street. It is sufficient in dimensions to cut off the plaintiff's land from a frontage on Central street, thereby making said two acres of land not fronting on the street, and this excludes it from the taxable district. Neither are we permitted, under the plea of construction, to enlarge or vary the plain meaning of this statute. This enforced taxation, by special assessment for street improvements, is a matter of strict construction. The power thus delegated to the municipalty must be followed strictly in accord with the legislative grant. No variation, on

account of supposed justice or injustice, will be permitted.

The judgment, therefore, will be reversed, and the cause remanded with directions to the circuit court to enter a judgment for the plaintiff as prayed. All concur.